aIN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Lynch, III, | C/A No. 2:24-cv-3010-JFA |
| Plaintiff, | |
| v. | |
| Stacy Smith, Bonnie Degraffenried, and Karan Cooper | **ORDER** |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deficient medical care that he received at Kirkland Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to the Magistrate Judge for initial review.

On December 23, 2025, Defendants moved for summary judgment, arguing that there is no genuine issue of material fact, and accordingly, that they are entitled to judgment as a matter of law. (ECF No. 35). After reviewing the motion and all responsive briefing, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that the Court grant summary judgment. (ECF No. 44). Thereafter, Plaintiff filed objections to the Report (ECF No. 48). Defendants did not file a reply and the time to do so has expired. Therefore, this matter is ripe for review.

## II.   FACTS

Plaintiff is a state inmate serving a life sentence for murder. (ECF No. 35, pg. 1). Plaintiff filed this action, alleging constitutional violations arising out of medical treatment he received for a COVID-19 (Covid) infection between January 4, 2023, and January 11, 2023. (ECF No. 1, pgs. 7–9). Plaintiff alleges that on January 4, 2023, the South Carolina Department of Corrections (SCDC) received Plaintiff's positive Covid test. *Id.* at 7. Plaintiff alleges that he suffered from "respiratory illness (shortness of breath), severe headaches, hot and cold chills, severe muscle pain, [and a sore] throat [] resulting from his Covid infection." *Id.* at 7. Despite his "escalating" symptoms, Plaintiff alleges that physician Stacy Smith (Smith) failed to treat him. *Id.*

Plaintiff further claims that he alerted nurse Bonnie Degraffenried (Degraffenried) of his worsening symptoms, but she stated there was nothing she could do except provide Plaintiff with Tylenol. *Id.* at 8. Plaintiff alleges that Degraffenried failed to treat Plaintiff after he submitted a written treatment request. *Id.* Plaintiff alleges that on January 7, 2023, he notified nurse Karen Cooper (Cooper) of his Covid symptoms but that she only offered to separate him from other inmates and provide him with Tylenol.[1] *Id.* Plaintiff alleges that he was forced to "self-medicate" with an "under the table" inhaler because "Tylenol was

---

[1] Plaintiff also alleges that he wrote to "Warden Wallace" (Wallace) on January 11, 2023, informing him that he submitted medical requests to "RN Mr. Cooper" (Cooper) but his requests were ignored. (ECF No. 1, pg. 9). Plaintiff states that Associate Warden Gause (Gause) responded to Plaintiff's correspondence, stating Plaintiff received treatment in accordance with medical policy. *Id.* Neither, Wallace, Cooper, nor Gause are named defendants in this action.

inadequate." *Id.* at 9, 10. Accordingly, Plaintiff argues that Defendants denied him necessary medical care in violation of the Eighth Amendment. *Id.* at 7–9.

### III.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

IV.     **DISCUSSION**

The Report advises the Court to dismiss Plaintiff's Eighth Amendment claim because the record fails to reflect that "Defendants were so deliberately indifferent to Plaintiff's serious medical needs such that they violated Plaintiff's constitutional rights." (ECF No. 44, pg. 9). The Report states that it is undisputed that Plaintiff received Tylenol to ease his Covid symptoms. *Id.* at 7. Further, the Report notes that Plaintiff failed to allege that he "was particularly susceptible to complications or aggravated symptoms of" Covid.

*Id.* at 8. Additionally, the Report notes that Plaintiff fails to present evidentiary support that Defendants intentionally delayed his medical treatment. *Id.* Finally, the Report states that Plaintiff could not support his Eighth Amendment claim with evidence that Defendants failed to comply with SCDC Covid treatment policies. *Id.* at 9. In response, Plaintiff filed five specific objections. (ECF No. 48). Each is discussed below.

The Eighth Amendment proscribes the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "Because 'adequate medical care' is a basic condition of humane confinement, a prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) (citations omitted).

A prisoner must satisfy both an objective and subjective test to establish a claim for deliberate indifference to medical needs. *Id.* To satisfy the objective element, a prisoner must "prove that the alleged deprivation was 'sufficiently serious.'" *Id.* Further, a prisoner must "show that prison officials acted with 'deliberate indifference'" to satisfy the subjective element. *Id.* (citations and internal quotation marks omitted).

<u>Objections 1 and 2</u>

Plaintiff first argues that the Magistrate Judge erred in finding that he "was [] treated for his Covid-19 symptoms." (ECF No. 44, pg. 7); (ECF No. 48, pg. 2). Plaintiff alleges that he never admitted to receiving Tylenol. (ECF No. 48, pgs. 3–4). Rather, Plaintiff asserts that he only alleged that Defendants *offered* to give him Tylenol. *Id.* at 3. Plaintiff

states in his objections that "no nurses, doctors, or anyone else involved prescribed or gave Tylenol to the plaintiff due to the fact that Plaintiff was taking under the table medication due to not receiving medical treatment." *Id.* at 7 (written as it appears in the original). Further, Plaintiff argues that even if Defendants gave him Tylenol, their conduct still supports his deliberate indifference claim because Tylenol is ineffective in treating respiratory symptoms. *Id.* 2–3.

As an initial matter, the Court declines to accept Plaintiff's newfound attestation that Defendants failed to give him Tylenol. *Keith v. Volvo Grp. N. Am., LLC*, No. 23-1178, 2024 WL 1193096, at *2 (4th Cir. March 20, 2024) ("A plaintiff cannot create a genuine dispute of material fact by contradicting his own statements.") (citing *Erwin v. U.S.*, 591 F.3d 313, 325 n.7 (4th Cir. 2010)); *see also Hausfeld v. Love Funding Corp.*, 131 F.Supp.3d 443, 465 (D.Md. 2015) ("When faced with a plaintiff's affidavit submitted in opposition to a motion for summary judgment that contradicts the plaintiff's earlier [] testimony, courts may deny summary judgment if the issue of fact is created by statements in the later-filed affidavit that differ from the [] [earlier] testimony. Rejection of such a self-serving affidavit is particularly appropriate where . . . *it provides no explanation for the inconsistencies and is not corroborated by other evidence in the record*.") (emphasis added) (citations omitted).

Plaintiff is correct that many of his original allegations only address the availability of Tylenol as a treatment option. *See* (ECF No. 1, pgs. 7–9). However, Plaintiff's verified complaint also indicates that Defendants provided Tylenol to Plaintiff. Specifically,

Plaintiff stated, "Diagnosed with Covid-19, denial medical treatment and *Tylenol was inadequate.*" *Id.* at 10. Further, Plaintiff explicitly admits that he received Tylenol two days after his positive Covid test in a request to SCDC staff. Plaintiff stated, "Please respond to me ASAP, I can no longer bear the pain, *Tylenol is not working and I only get them twice a day*. (ECF No. 42-8, pg. 2) (written as it appears in original). Additionally, Plaintiff's contradictory objection is undermined by Smith's evidentiary submission. Particularly, Smith attests via a sworn affidavit that "[a]nytime Plaintiff requested Tylenol or Ibuprofen, it was provided to him by medical staff including Bonnie Degraffenried; and Karen Cooper." (ECF No. 35-2, pg. 3).

Plaintiff's prior admissions and Smith's attestation demonstrate Defendants gave Plaintiff Tylenol to ease his Covid symptoms. Plaintiff offers no explanation for the newly proffered inconsistency. Accordingly, the Court declines to find that Plaintiff's newfound allegations are sufficient to create a genuine issue of material fact to defeat summary judgment. Therefore, Plaintiff's objection to the Report as it relates to its finding that Plaintiff received Tylenol is overruled.

Plaintiff also "contests being treated for his covid symptoms" and states that he "specifically alleged the Defendants wanted Plaintiff to take Tylenol for his 'respiratory illness.'" (ECF No. 48, pg. 2). Although unclear, Plaintiff appears to dispute the efficacy of treating respiratory discomfort with Tylenol. For the reasons discussed below, the Court finds that Plaintiff's allegations, viewed in the light most favorable to Plaintiff, fail to support an Eighth Amendment deliberate indifference claim.

First, it is not entirely clear that Plaintiff has submitted sufficient evidence to show that his respiratory symptoms constitute a "serious medical condition." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "[A] medical condition is serious when it has 'been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

Plaintiff alleges that his respiratory symptoms caused "shortness of breath" that he had to treat with an "under the table" inhaler. (ECF No. 48, pgs. 2–3). However, Plaintiff relies solely on his lay opinion and provides no medical documentation indicating that he suffered from severe respiratory distress during or in the months following his Covid infection. Likewise, it is not evident that Plaintiff's condition was so severe that "even a lay person" would consider a physician's evaluation necessary. In fact, Smith, a medical professional overseeing Plaintiff's care, attests that "Plaintiff never indicated any serious illness." (ECF No. 35-2, pg. 3). Accordingly, relying on the record before the Court, Plaintiff's claim of a serious medical condition is, at best, doubtful.

More importantly, however, even if Plaintiff can show that he suffered from an objectively severe medical condition, Plaintiff has failed to prove that Defendants' conduct constitutes deliberate indifference. To establish deliberate indifference, a prisoner "must show the prison official (1) had actual knowledge of the risk of harm to the inmate and (2) recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Pfaller*, 55 F.4th at 445 (4th Cir. 2022) (citations omitted).

Neither "mere negligence" nor "actual purposive intent" satisfies this standard. *Id.* (citations omitted). Rather, "deliberate indifference is most akin to criminal-law recklessness." *Id.* Accordingly, if "the official who knew of a substantial risk to inmate health or safety 'responded reasonably to the risk,' they cannot be found liable under the Eighth Amendment, 'even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1970)).

Here, it is undisputed that Defendants were aware that Plaintiff contracted Covid. Accordingly, the viability of Plaintiff's claim of deliberate indifference turns on whether there is evidence that Defendants' treatment was sufficiently deficient to support an Eighth Amendment violation. Plaintiff has failed to satisfy this evidentiary burden.

Plaintiff alleges he experienced "severe headaches, hot and cold chills, severe muscle pain, [a sore] throat," and shortness of breath that Tylenol could not resolve. (ECF No. 48, pg. 2). However, except for Plaintiff's lay opinion, there is no evidence indicating that Defendants should have provided treatment beyond providing Tylenol. Smith attests that Plaintiff's condition remained stable and that he "never indicated any serious illness." (ECF No. 35-2, pg. 3). Plaintiff's stable condition is further supported by his post-infection medical records. Notably, Plaintiff's medical records indicate that one week after receiving his positive Covid test he was awake, clean, and displayed no concerns. (ECF No. 41-1, pg. 49). Additionally, approximately two weeks after contracting Covid, Plaintiff tested negative for Covid and was able to return to group psychotherapy on January 24, 2025. (ECF No. 35-4, pg. 2); (ECF No. 41-1, pgs. 47–48). Finally, just six weeks after testing

positive for Covid, Plaintiff presented no signs of cough, chills, or chest pain. (ECF No. 41-1, pg. 24).

It is plausible that a failure to provide further monitoring or treatment to an inmate experiencing respiratory complications from a Covid infection can support a finding of deliberate indifference to a serious medical need. However, Plaintiff has failed to produce evidence indicating that Defendants' treatment plan was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021). Although Plaintiff argues that Defendants failed to address his respiratory discomfort, without more, his complaint amounts to a mere disagreement over the proper course of treatment–a position that is insufficient to support an Eighth Amendment violation. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). Accordingly, the Court finds that Defendants' actions reflect good-faith clinical judgment that is well below the deliberate indifference standard required to sustain an Eighth Amendment claim. Therefore, Plaintiff's objection is overruled.

Objection 3

Plaintiff next objects to the Report's reliance on Smith's affidavit. (ECF No. 48, pg. 5). Plaintiff argues that the affidavit is invalid because it "was not sworn to and subscribed before a notary public for South Carolina." *Id.* Accordingly, Plaintiff argues that the affidavit cannot be used as evidence in support of summary judgment. *Id.* at 5–6. Further,

Plaintiff argues that even if the Court considers Smith's affidavit, a genuine issue persists concerning whether Defendants treated Plaintiff's Covid symptoms. *Id.* at 5–7.

First, the Court declines to disregard Smith's affidavit solely because it is unnotarized. Smith attested "under penalty of perjury" that her statements were "true and correct." (ECF No. 35-2, pg. 2). Accordingly, Smith's signed and sworn statement may be considered as evidence in support of summary judgment. *See* 28 U.S.C. § 1746; *see also U.S. v. Arlington Cnty., Va.*, 702 F.2d 485, 490 (4th Cir. 1983) ("The letter declared that it was true under penalty of perjury, which conferred upon it the status of an affidavit."). Further, as discussed above, although Plaintiff maintains that Defendants failed to adequately address his respiratory discomfort, the evidence submitted fails to sustain an Eighth Amendment deliberate indifference claim. Therefore, Plaintiff's third objection is overruled.

Objection 4

Plaintiff also argues that the Report failed to consider his allegations that he experienced shortness of breath "which should have warranted/and or required special care (and/or that defendants should have or would have anticipated that Plaintiff might need special care)." *Id.* at 9 (written as it appears in the original). [2] The Report stated that the "record does not reflect–and Plaintiff does not allege–that Plaintiff was particularly

---

[2] Plaintiff again contests the sufficiency of Smith's affidavit. (ECF No. 48, pgs. 8, 13). As discussed above, Smith's affidavit was properly executed.

Page **11** of **14**

susceptible to complications or aggravated symptoms of COVID-19, such that he required special care." (ECF No. 44, pg. 8).

The Court finds no error in the Report. Evidence that prison officials were aware of an inmate's pre-existing medical ailments may support a finding that those officials were deliberately indifferent to the inmate's medical needs. *See Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) ("A plaintiff also makes out a prima facie case of deliberate indifference when he demonstrates that a substantial risk of serious harm was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official had been exposed to information concerning the risk and thus must have known about it.") (citations and quotations omitted). The Court acknowledges that Plaintiff alleges that he experienced aggravated symptoms during his Covid infection. However, Plaintiff does not point the Court to any pre-existing medical condition that Defendants knew or should have known of that warranted specialized treatment. Therefore, Plaintiff's fourth objection is overruled.

Objection 5

Finally, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff's claims amount to nothing more than disagreements over the proper course of treatment. (ECF No. 48, pg. 11). Plaintiff argues that he "was not concerned with the proper course of medical treatment, however, he just wanted to be treated for his 'serious medical need' which he was struggling to breathe." *Id.* (written as it appears in the original). Plaintiff maintains that Defendants ignored his complaints of respiratory discomfort, "so

subjectively the defendants acted with deliberate indifference to those medical needs.[3]" *Id.* Finally, Plaintiff states, "The crux is that, the Magistrate Judge framed and set out the facts of Plaintiff lesser Covid symptoms but failed to address the fact that, Plaintiff on several/and or numerous times complained of respiratory illness above his other Covid symptoms." *Id.* at 13 (written as it appears in original).

As discussed in detail above, Defendants identified Plaintiff's Covid infection, provided him with Tylenol to treat his symptoms, and attested that Plaintiff displayed no serious illness. Further, Plaintiff submits no evidence that Defendants knew or should have known of any medical ailments pre-existing his Covid infection that warranted enhanced medical observation. Finally, Plaintiff's medical records indicate that he made a swift recovery and was able to continue his regular prison schedule within a month of contracting Covid. Plaintiff's continued insistence that further treatment was required is unsupported by any medical evidence, and accordingly, he has failed to prove that Defendants were so indifferent to his medical needs as to warrant continuance of his Eighth Amendment action. Therefore, Plaintiff's fifth objection is overruled.

## V.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds that the Magistrate Judge's

---

[3] Plaintiff also suggests that Defendants were deliberately indifferent to his medical needs because they allegedly failed to follow SCDC Covid policy and procedures. (ECF No. 48, pg. 15). However, "knowingly violating a prison policy does not amount to deliberate indifference." *King v. Riley*, 76 F.4th 259, 267 (4th Cir. 2023).

recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report in all regards. Thus, Defendants' motion for summary judgment (ECF No. 35) is granted, and Plaintiff's action is dismissed with prejudice.

IT IS SO ORDERED.

July 14, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge